IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY T. DAN, | ) | 4:08CV3243 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ERICKSEN, Omaha Correctional | ) | |
| Center Unit Manager, and | ) | |
| WARREN, Lincoln Correctional | ) | |
| Center Unit Manager, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on December 9, 2008. (Filing No. 1.) Plaintiff filed a Supplement to his Complaint on December 10, 2008.[1] (Filing No. 6.) Plaintiff has also filed a Motion for Summons (filing no. 7), a Motion for an Enlargement of Time to Pay Initial Partial Filing Fee (filing no. 9), and a Motion for Court Order (filing no. 10), which are all pending as of the date of this Memorandum and Order. Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.    SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on December 9, 2008, against Omaha Correctional Center Unit Manager Ericksen, and Lincoln Correctional Center Unit Manager

---

[1]The court will treat Plaintiff's Supplement as supplemental to the original Complaint for purposes of the Memorandum and Order. NECivR 15.1(b).

Warren.² (Filing No. 1 at CM/ECF p. 1.) Plaintiff is currently confined in the Tecumseh State Correctional Institution in Tecumseh, Nebraska. (*Id*.)

Condensed and summarized, Plaintiff alleges that on May 27, 2008, several items of his property were stolen. (*Id.* at CM/ECF p. 6.) Plaintiff alleges he filed an informal grievance about the stolen property with Defendant Ericksen. (*Id.* at CM/ECF p. 6.) On June 26, 2008, Plaintiff was transferred to the Lincoln Correctional Center. (*Id*.) Because Plaintiff was transferred to the Lincoln Correctional Center, and because Defendant Ericksen had not responded to his informal grievance, Plaintiff filed a follow-up grievance with Defendant Warren. (*Id*. at CM/ECF pp. 6-8.) Plaintiff alleges that Defendant Warren also failed to respond. (*Id*.) Plaintiff alleges that Defendants' failure to respond violates his right to "continue with the grievance form procedure." (*Id*. at CM/ECF p. 9.) Plaintiff seeks monetary damages in the amount of $998,000.00. (Filing No. 6 at CM/ECF p. 6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint

---

²Plaintiff does not specify whether he sues Defendants in their individual or official capacity. Further, it is unclear whether the Defendants are state employees.

must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.   DISCUSSION OF CLAIMS

The court liberally construes Plaintiff's Complaint to allege a claim under the Fourteenth Amendment. "[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Thus, claims regarding the right to either procedural or substantive due process must begin with identification of a protected liberty or property interest. *Singleton v. Cecil*, 176 F.3d 419, 424-25, 425 n. 7 (8th Cir. 1999) (*en banc*).

Here, Plaintiff alleges that Defendants failed to respond to his grievances and deprived him of his right to "continue with the grievance form procedure." (Filing

3

No. 1 at CM/ECF p. 9.) However, an inmate does not have a protected liberty or property interest in the manner in which his grievances are resolved. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (inmate did not have a federally protected liberty interest in having grievances resolved to his satisfaction); *see also Pocevic v. Tung,* No. 3:04cv1067, 2006 WL 680459, at *8 (D. Conn. March 14, 2006) (correctional officer's failure to respond to grievance did not violate a federal or constitutional right). Because Plaintiff does not possess a constitutionally protected liberty or property interest in the manner in which his grievances are resolved, his Complaint fails as a matter of law. Plaintiff's Complaint must therefore be dismissed for failing to state a claim upon which relief may be granted. However, because Plaintiff may have state law claims relating the resolution of his grievances, the court will dismiss his Complaint without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2. Plaintiff's Motion for Summons (filing no. 7), Motion for an Enlargement of Time to Pay Initial Partial Filing Fee (filing no. 9), and Motion for Court Order (filing no. 10) are denied as moot.

3. A separate Judgment will be entered in accordance with this Memorandum and Order.

March 10, 2009.	BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge